UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-10297-IT |
| | ) | |
| 1. DUANE GOMEZ, | ) | |
| a/k/a "Go-Go" and "G" | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**TALWANI, D.J.**

WHEREAS, on October 9, 2014, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Duane Gomez, a/k/a "Go-Go", and "G" (the "Defendant"), with Conspiracy To Distribute Heroin, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Count One of the Indictment, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense;

WHEREAS, on May 21, 2015, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 21 U.S.C. § 853 as a result of violations of 21 U.S.C. § 846;

WHEREAS, the Bill of Particulars identified any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the offense, including but not limited to the following:

> (a) One red 2007 Honda CBR100 Motorcycle, bearing vehicle identification number JH2SC5703M303593, Massachusetts License plate 1L6953 (the Motorcycle");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 23, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on June 12, 2015;

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to the forfeiture of the following assets:

> a. $6,425.00 in United States currency paid to Defendant between September 2013 and May 2014 in exchange for heroin; [1]
>
> b. $7,900 in United States currency seized from 50 Barrows Road, Falmouth, MA on or about August 21, 2014;[2] and
>
> c. One 2007 Honda motorcycle, Model CBR100, red in color, bearing vehicle identification number JH2SC57037M303593 (the "Motorcycle"),

(collectively, the "Properties");

---

[1] This asset was never in the custody of the Drug Enforcement Administration, therefore the government does not seek its forfeiture.
[2] This asset was administratively forfeited by the Drug Enforcement Administration on February 11, 2015, therefore is no longer available for judicial forfeiture.

WHEREAS, the Defendant admitted that the Motorcycle is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of the Defendant's offense; was used to facilitate Defendant's offense; and/or was involved in Defendant's offense charged in Count One of the Indictment;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Motorcycle and the offense to which the Defendant pled guilty, and accordingly, the Motorcycle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Motorcycle.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Motorcycle and the offense to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interest in the Motorcycle is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Motorcycle and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the

Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Motorcycle.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Motorcycle to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Motorcycle, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Motorcycle; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Motorcycle, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Motorcycle, any additional facts supporting the petition's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Motorcycle.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: 9/2/15

INDIRA TALWANI
United States District Judge