UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Case No. 1:14-cr-10297-IT |
| DUANE GOMEZ, a/k/a "GO-GO," | * | |
| a/k/a "G", | * | |
| Defendant. | * | |
| | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Case No. 1:19-cr-10288-IT |
| LUIS ARIAS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM & ORDER

June 24, 2020

TALWANI, D.J.

In connection with Defendant Duane Gomez's Emergency Motion for Compassionate Release [#142] in United States v. Gomez, No. 14-cr-10297, and Defendant Luis Arias's Emergency Motion for Compassionate Release [#55] in United States v. Arias, No. 19-cr-10288, the court seeks the following information:

(1) Attorney General Barr's March 26, 2020 Memorandum directs the Bureau of Prisons ("BOP") to prioritize the use of various statutory authorities to grant home confinement for inmates seeking transfer based on the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors. See Attorney General Memorandum at 1-2, United States v. Gomez, No. 14-cr-10297 (D. Mass.

May 20, 2020) [#142-5]. The BOP's website states further that "[a]ll inmates are reviewed for placement in Residential Reentry Centers and Home Confinement near the end of their sentence in accordance with the Second Chance Act and First Step Act" and that "[e]very effort is being made to review inmates with impending release[] dates for placement in Residential Reentry Centers." BOP Coronavirus FAQs, https://www.bop.gov/coronavirus/faq.jsp (last accessed June 24, 2020).

 (A) Is BOP making such assessments for inmates who are serving a federal sentence but are not currently housed in a BOP facility?

 (B) If so, who makes such assessments for BOP inmates housed at the Donald W. Wyatt Detention Facility ("Wyatt Detention Center") in Central Falls, Rhode Island?[1]

 (C) Was such an assessment made for Defendants Gomez and Arias?

 (D) If so, when was the assessment made and by whom, and if not, why not?

(2) Attorney General Barr's April 3, 2020 Memorandum directs BOP to give priority in using home confinement at institutions most affected by COVID-19, namely, FCI Oakdale, FCI Danbury, FCI Elkton, and "others similarly affected." See April 3 Attorney General Memo at 1, United States v. Gomez, No. 14-cr-10297 (D. Mass. May 20, 2020) [#142-6].

---

[1] The court notes that at the May 6, 2020 resentencing hearing in United States v. Oladimu, No. 01-cr-10198, the probation officer suggested that the BOP case manager would not be in a position to make a referral to an RRC for an inmate at the Wyatt Detention Center.

   (A) In determining whether an institution is "similarly affected," is BOP limiting its assessment to BOP facilities or is it also evaluating non-BOP facilities where inmates serving federal sentences are housed?

   (B) Has BOP evaluated whether Wyatt Detention Center is "similarly affected," and if so, what was BOP's determination?[2]

   (C) If BOP has not evaluated whether Wyatt Detention Center is "similarly affected," why not?

The government shall file this information on the docket of each of the above-captioned cases by June 30, 2020.

IT IS SO ORDERED.

Date: June 24, 2020              /s/  Indira Talwani
                               United States District Judge

---

[2] The court takes notice of the decision in Yanes v. Martin, 2020 WL 3047515 (D. R.I. June 2, 2020) finding, in a habeas case brought by immigration detainees, that petitioners had presented a substantial claim of constitutional error and exceptional circumstances based on conditions that the government conceded were present in the Wyatt Detention Center and granting individual bail hearings.