UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Case No. 1:14-cr-10297-IT |
| DUANE GOMEZ, a/k/a "GO-GO," | * |
| a/k/a "G", | * |
| | * |
| Defendant. | * |
| | * |

ORDER DENYING EXPEDITED MOTION FOR COMPASSIONATE RELEASE

July 10, 2020

TALWANI, D.J.

Before the court is Defendant Duane Gomez's Expedited Motion for Compassionate Release [#142]. Defendant requests that the court find that extraordinary and compelling reasons necessitate his release from incarceration based on the COVID-19 pandemic and the particular conditions at the Donald W. Wyatt Detention Facility ("Wyatt"). Specifically, he asks the court to amend his sentence to time served and to order his immediate release on the ground that the conditions at Wyatt and the inability to achieve social distancing at the institution constitute "extraordinary and compelling reasons" warranting a reduction in his sentence. Defendant seeks to reside instead in an in-patient drug treatment or sober house. For the reasons set forth below, Mr. Gomez's motion is DENIED.

I. Background

On September 24, 2015, the court sentenced Mr. Gomez to a term of incarceration of 87 months and four years of supervised release. Judgment and Statement of Reasons [#81]. The court's sentence constituted a substantial downward variance from the guideline range of 188 to 235 months. See id. While serving his sentence, Mr. Gomez was transferred to the Coolidge

House and placed on prerelease status, but after violating rules at the Coolidge House in November 2019, was returned to Bureau of Prison's ("BOP") custody. He has been incarcerated at Wyatt awaiting transfer back to a BOP facility since that time.

II. Discussion

Defendant's motion seeks a modification of his sentence under 18 U.S.C. § 3582(c)(1)(A). Commonly referred to as the "federal compassionate release" provision, the statute allows a court to modify a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Congress placed few restrictions on the court's authority to grant such a modification. However, it did require the court to find that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

One such policy statement provides that the court may find an extraordinary and compelling circumstance exists when the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility that from which he or she is not expected to recover." USSG § 1B1.13 Application Note 1(A). Although Defendant points to the particular health risk posed by COVID-19, and particular concerns regarding its spread at Wyatt since he has been incarcerated there, he offers no evidence of any serious physical or medical condition that may be the basis for release under this policy statement.

There is an important ongoing debate as to whether district courts may find an "extraordinary and compelling" reason outside the categories promulgated by the Sentencing Commission. See United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (Hornby, J.) (collecting cases). Without deciding that question, the court has

considered here whether there are other "extraordinary and compelling" reasons in this matter that may support compassionate release.

Mr. Gomez asserted that an inmate who has previously tested positive for COVID-19 but no longer has symptoms has been placed in his cell. Second Mem. in Support of Mot. for Compassionate Release [#146]. In response to the court's inquiry, the government reported that that inmate was tested twice for COVID-19 several days apart before being moved back into the general population, that both tests were negative and that the inmate was medically cleared prior to the movement. Response to Court Order [#147]. Accordingly, the court finds no heightened risk posed by Defendant's sharing a cell with this inmate. Moreover, while residing in close quarters undoubtedly poses COVID-19 risks, as of the most recent status report on July 9, 2020, there are zero active cases of COVID-19 among detainees (with 1524 detainee tests having been conducted), and three active cases among staff. Status Report at 1, In re Donald W. Wyatt Detention Facility, No. 20-mc-00004 (D.R.I. July 9, 2020) ECF No. 27. Wyatt has put in place a series of protocols and procedures to diminish the risk of the virus to detainees and staff, including testing and medically screening new detainees for COVID-19 while maintaining quarantine during the pendency of test results, prohibiting staff who have tested positive or who exhibit COVID-19 symptoms from working, and creating "negative pressure" isolation units for quarantining detainees as necessary. Id. at Appendix A, ¶¶ 9(h), 10(a-i).

The court also considered whether the Bureau of Prisons was engaged in the review as directed by Attorney General Barr in his March 26, 2020 and April 3, 2020 Memoranda. See Memorandum & Order [#156]. The government's response to the court's inquiry suggests that this review may not be occurring as a matter of course for inmates serving a BOP sentence who are not located at a BOP facility. Response [#157]. The BOP has also acknowledged that BOP

did not evaluate Wyatt to determine whether it is an institution most affected by COVID-19. Id. BOP reports, however, that the Residential Reentry Manager has now reviewed Mr. Gomez's individual circumstances. Id. While the court finds troubling BOP's apparent failure to engage in the general review directed by Attorney General Barr with regard to prisoners in BOP custody who are not at BOP facilities, where BOP ultimately did consider Mr. Gomez's individual circumstances, the court finds no extraordinary and compelling reason for release here.[1]

III.   Conclusion

For the reasons set forth above, Mr. Gomez's Expedited Motion for Compassionate Release [#142] is DENIED.

IT IS SO ORDERED.

Date: July 10, 2020                                             /s/ Indira Talwani
                                                                United States District Judge

---

[1] Defendant complains that BOP's review of Mr. Gomez's eligibility for a halfway house placement or home confinement was insufficient. Fourth Mem. in Support of Mot. for Compassionate Release [#159]. The court does not have jurisdiction to review BOP's determination of prisoner eligibility for such placements.