UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DUANE GOMEZ,<br>         Defendant. | )<br>)<br>)<br>)  Case No. 1:14-cr-10297-IT<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**
**March 22, 2022**

**TALWANI, D.J.**

      On February 10, 2022, Defendant Duane Gomez was sentenced to eight months imprisonment for violating the terms of his supervised release. Judgment of Revocation [Doc. No.247]. He subsequently filed a Letter [Doc. No. 248] asserting that he is entitled to earned time credits based upon his participation in a Residential Drug Abuse Treatment Program ("RDAP") from 2016 through 2019. *Id.* On March 18, 2022, Gomez filed a *pro se* pleading that was entered on the docket as a Letter [Doc. No. 249]. Although the pleading is entitled "Supplement Memorandum for [Habeas] Corpus § 2241," the court has no record of Gomez having filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      To the extent Gomez seeks habeas relief pursuant to 28 U.S.C. § 2241, he would need to file a section 2241 petition for writ of habeas corpus, which will be given a civil case number. A habeas petitioner must name as the respondent to the petition his immediate custodian, "the individual having day to day control over the facility in which he is being detained." *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). A habeas petition must be accompanied by either

(1) the $5.00 filing fee for habeas corpus actions; or (2) a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914 (district court; filing and miscellaneous fees; rules of court); § 1915 (proceedings *in forma pauperis*). Any motion for leave to proceed *in forma pauperis* must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.[1]

The First Circuit has held as a general rule that a federal prisoner is not permitted to seek habeas relief challenging the execution of his or her sentence until all available federal administrative remedies have been exhausted. *Dunbar v. Sabol*, 649 F.Supp.2d 1, 3 (D. Mass. 2009) (citations omitted). If Gomez seeks habeas relief, his petition should also show that all available federal administrative remedies have been exhausted.

Accordingly, no action will be taken on Gomez' letters. The Clerk shall send a copy of this order to Gomez with the forms for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and an Application to Proceed in District Court without Prepaying Fees or Costs.

The court takes no position here on the merits of such a petition.

**So ordered.**

                                                /s/ Indira Talwani
                                                United States District Judge

March 22, 2022

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.